UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DAVID A. CARNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:04CV92-SNL |
| ) | |
| ALLEN WALKER, VICTORIA HESS, ) | |
| TERRY WHITE, JIM LONG, ) | |
| MICHAEL THOMPSON, HEATH COOPER, ) | |
| and CHARLES R. CARRIKER, JR., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Court is in receipt of plaintiff David A. Carney's request for appointment of counsel (#19) and the defendants' response to plaintiff's request for counsel (#22).

The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. Stevens v. Redwing, et al., 146 F.3d 538, 546 (8th Cir. 1998); Edgington v. Mo.Department of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Rayes v. Johnson, 969 F.2d 700, 702 (8th Cir. 1992). Once the plaintiff alleges a prima facie claim, thereby surviving a frivolity review pursuant to 28 U.S.C. § 1915(d), the Court must determine the plaintiff's need for counsel to effectively litigate his claim. Edgington, *supra*; Natchigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995); In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim. Stevens, *supra*;

Edgington, *supra*; Natchigall, at 1080-81; Johnson v. Williams, 788 F.2d 1319, 1322-1323 (8th Cir. 1986).

Plaintiff has been able to pursue this matter adequately and the Court finds that appointment of counsel is not mandated at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel filed May 13, 2005 is **DENIED** without prejudice at this time.

Dated this   28th   day of July, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE