**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID A. CARNEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 2:04-cv-0092 SNL** |
| | ) | |
| **VICTORIA HESS, TERRY WHITE, and** | ) | |
| **JIM LONG**, | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

On November 20, 2006, Plaintiff, who is an inmate at the Southeast Correctional Center ("SECC"), filed a Motion for Injunctive Relief (#54). In this Motion, Plaintiff requests that the Court compel the SECC to transfer Plaintiff to a lower-security institution. Plaintiff claims that he receives conduct violations "for the most microscopic reasons," that he is currently in administrative segregation without cause, that prison officials incorrectly believe that Plaintiff's life is in danger, and that on November 15, 2006 at four in the afternoon, Plaintiff was not given an evening meal.

All of Plaintiffs complaints involve happenings at the SECC. However, all named Defendants are employees of the Northeast Correctional Center. Because the actions complained of were not taken by any Defendant to this action, the Court cannot grant an injunction. The Court can only determine the rights of parties who are before it. *Kandlbinder v. Reagen*, 713 F. Supp. 337, 339 (W.D. Mo. 1989). In addition, the actions Plaintiff complains of do not constitute cruel and unusual punishment under the Eighth Amendment or violate Plaintiff's Due Process rights. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995); *Wilson v. Seiter*, 501

U.S. 294, 296-97, 111 S. Ct. 2321, 2323, 115 L. Ed. 2d 271 (1991); *Rahman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002); and *Freitas v. Ault*, 109 F.3d 1335, 1337 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Injunctive Relief (#54) be and is **DENIED**.

Dated this 11th day of December, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE